### In re SMITH.

(District Court, S. D. Georgia. October 15, 1899.)

BANKRUPTCY—ASSETS—PROPERTY FRAUDULENTLY CONVEYED.

A debtor mortgaged his stock in trade to a relative, and the mortgage was immediately foreclosed, and the goods bid in by a stranger, who transferred his bid to a friend of the debtor, and the latter ostensibly sold the property to the debtor's wife. The purchaser handed the purchase money to the wife, and she to the officer making the sale. It did not appear that the wife owned anything, but it was stated that the money was advanced to her on the credit of the debtor himself, and that he had repaid it. The debtor continued to carry on business in his own name as "agent," and the property was in his possession at the time he was adjudged bankrupt. *Held*, that the transfer to the wife was merely colorable, and in fraud of creditors, and the trustee in bankruptcy should be directed to take possession of the property as assets of the estate.

In Bankruptcy.

SPEER, District Judge (orally). I think this is an exceedingly plain case. The bankrupt, Smith, in 1894 was the owner of considerable property. It does not appear that his wife ever owned anything. He has carried on business as liquor dealer and general merchant here for a number of years. Finally he executed a mortgage to his mother-in-law and to her son. This mortgage was given one day, and foreclosed the next, and, at a period within which by the law of Georgia a sheriff's sale could not have been legally conducted, the goods were brought to the block and sold. They were bid in by one Andrews, who confessedly paid no money for them whatever. The

bid was transferred to Merritt Birdsong, a friend and neighbor of the bankrupt, and Mrs. Smith ostensibly purchased the goods from Merritt Birdsong under circumstances which satisfy the court that it was all a colorable transaction, and that the property was sold for the benefit of the bankrupt himself. The money was ostentatiously handed by Merritt Birdsong to Mrs. Smith, and by Mrs. Smith to the sheriff, and yet Birdsong testifies that he let her have the money upon his faith and belief in the credit of Smith himself, and that Smith paid him back. There cannot be a plainer case, in my opinion, of a colorable conveyance for the purpose of defrauding creditors, and the common expedient of appending the word "Agt." to the name of a man who has thus conveyed his property in fraud of his creditors of course can have no effect in this court. What is true with regard to the personal property here is also true in regard to the real estate. It is not possible, under the provisions of the bankruptcy law, for a man to cover up his property in this way, convey it to his wife or any other person, and then carry on the business in his own name as agent, without becoming obnoxious to the provisions of the statute. It is clear to my mind that, the property having been found in the possession of the bankrupt, the court is authorized to direct the trustee to take charge of it. This is, of course, not a final decision, and if Mrs. Smith can in the progress of the case demonstrate her title to the property she is permitted to do so. This merely directs the trustee to take possession of it, and to proceed with the administration as usual in bankruptcy, until the further order of the court.