## HEBERT *v.* CRAWFORD, TRUSTEE, AND LEBLANC.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 83. Submitted December 9, 1912.—Decided April 7, 1913.

Whatever may be the legal rights of one claiming legal or equitable title to an asset, the fact that the bankrupt and his trustee had physical possession thereof gives the bankruptcy court control of the *res* and authority to administer it.

A petition to determine title to property in the possession of the bankrupt and his trustee may, as in this case, operate as an attachment, and thus bring the property into the custody and under the exclusive jurisdiction of the bankruptcy court.

A finding in a summary proceeding that the trustee has received
   physical possession of the property involved is conclusive against
   him and is not subject to collateral attack by third persons. *Noble* v.
   *Union River Logging Company,* 147 U. S. 173.
While the state court has jurisdiction to determine as between partners
   whether one is entitled to use the assets of his partnership to satisfy
   an order made in a summary proceeding in the bankruptcy court,
   and also whether the receiver received the same, it may not deter-
   mine title to property in the possession of the trustee or who is en-
   titled to possession thereof.

THE facts, which involve the rights of the trustee in
bankruptcy and others in a crop of rice grown by the
bankrupt and the jurisdiction of the state and Federal
courts of the controversies arising thereover, are stated
in the opinion.

*Mr. Frederick S. Tyler* and *Mr. A. D. Lipscomb* for
appellants.

*Mr. Horace Chilton* and *Mr. U. F. Short* for appellees.

MR. JUSTICE LAMAR delivered the opinion of the court.

This conflict of jurisdiction, between state court and
Bankruptcy Court, with injunction and counter-injunction,
grew out of a controversy as to who was in possession of
a crop of rice, when Moore & Bridgeman, who had planted
it, filed their petition on July 16, 1906, to be adjudged
bankrupts. If the rice was then in their possession the
Bankruptcy Court had jurisdiction to administer it as assets
of the estate, and to determine all claims to the property.
*Babbitt* v. *Dutcher,* 216 U. S. 102. *Bryan* v. *Bernheimer;*
181 U. S. 188. *Bardes* v. *Hawarden Bank,* 178 U. S. 524.

The firm of Beaumont Mills claimed, however, that,
for value and in good faith, they had acquired the title
and possession of the rice on June 15, 1906, thirty days
before the petition in bankruptcy was filed; that they had

employed Moore & Bridgeman to harvest and deliver it, and that LeBlanc, who was soon thereafter elected trustee, used labor, teams and machinery of the bankrupts in harvesting and threshing the crop. The Beaumont Mills paid him, as trustee, for these services and for hauling and delivering the rice to them at their warehouse. This they claim did not affect the jurisdiction of the state court of any controversy as to the ownership and possession of the crop.

Creditors of the bankrupts, on the other hand, denied the title of the Beaumont Mills, insisting that the crop belonged to Moore & Bridgeman, and that the delivery by LeBlanc, trustee, was a conversion to his own use and that of the Beaumont Mills, of which firm he was a member. These creditors thereupon instituted summary proceedings in the Bankrupt Court to charge him with its value. On that hearing two members of the firm of Beaumont Mills were sworn and testified as witnesses in his behalf. The District Court found in favor of the creditors and on December 17, 1907, entered an order reciting that the rice was the property of Moore & Bridgeman; that it came into the possession of LeBlanc, as trustee; that he improperly delivered it to the Beaumont Mills and was chargeable with $11,651, its value. The court thereupon directed that he pay that sum into the Registry of the court within ten days. That judgment was affirmed (166 Fed. Rep. 689).

LeBlanc was without funds with which to comply with this order and claimed that, under the circumstances, he had the right to withdraw $11,651—the value of the rice—from the funds of the Beaumont Mills and deposit it in the Registry of the court. The other members of the firm resisted this claim and accordingly instituted proceedings against him in the state court to prevent his carrying his threat into execution. In March, 1909, a temporary injunction was issued restraining him from withdrawing

partnership assets for the purpose of paying the money into the Bankrupt Court.

The creditors of Moore & Bridgeman contended that they were not concerned with the suit between the partners or the source from which LeBlanc secured the money to pay the judgment rendered against him on December 17, 1907. They therefore pressed for a compliance with that order, and to avoid attachment for contempt, LeBlanc, in disobedience of the Injunction, drew $11,651 from the bank account of the Beaumont Mills, paid the firm's money to the clerk of the Bankrupt Court, who deposited it with the Gulf Bank and Crawford, elected to succeed LeBlanc as trustee of Moore & Bridgeman.

The Beaumont Mills, at once, filed a Supplemental Petition in the state court making the Bank and Crawford, Trustee, defendants, and praying judgment against both of them for the partnership money in their hands, and for other and further relief. Crawford, in turn, immediately brought this bill, in the Bankrupt Court, to enjoin the Beaumont Mills from prosecuting their suit against him in the state court. He insisted that the Bankrupt Court had jurisdiction of the *res* and was, alone, authorized to determine his right to retain the $11,651 paid over to him as Trustee. He contended also that the order of December 17, 1907, in the Summary Proceedings was not only conclusive that the Bankrupt Court had jurisdiction of the *res*, but he also insisted that as the Beaumont Mills had taken part in that litigation, they were bound by the finding that the crop belonged to Moore & Bridgeman. A decree was rendered in Crawford's favor by the District Court. It was affirmed by the court of Appeals and is brought here by the Beaumont Mills for review.

Crawford's contention must, in part, be sustained. For whatever may have been the legal or equitable rights of the Beaumont Mills under their contracts with Moore & Bridgeman, and under the Bill of Sale of June 15, 1906, it

still appears that, first, Moore & Bridgeman and, later, LeBlanc, as trustee, engaged in gathering, threshing, hauling and delivering the rice. This physical possession, under the decision in *Murphy* v. *Hofman Co.*, 211 U. S. 562, and cases cited, gave the Bankrupt Court control of the *res*, and authority to administer it along with all other property in their physical possession when their petition was filed. That petition operated as an attachment and brought the rice into the custody of the Bankrupt Court.

"Where property was in the possession of the bankrupt at the time of the appointment of a receiver . . . the bankruptcy court had jurisdiction to determine the title to it (569). . . . When the court of bankruptcy, through the act of its officers, such as referees, receivers or trustees, has taken possession of a *res* . . . it has ancillary jurisdiction to hear and determine the adverse claims of strangers to it, and its possession cannot be disturbed by the process of another court." *Murphy* v. *Hofman Company*, 211 U. S. 562, 569, 570, and authorities. Nor was this jurisdiction lessened because LeBlanc, trustee, after gathering the crop delivered the rice into the possession of Beaumont Mills at their warehouse. "The court had possession of the property and jurisdiction to hear and determine the interests of those claiming a lien therein or ownership thereof. . . . This jurisdiction can [not] be ousted by a surrender of the property by the receiver, without authority of the court." *Whitney* v. *Wenman*, 198 U. S. 539, 553.

Under these decisions the physical possession of the crop brought the property within the exclusive jurisdiction of the Bankrupt Court. The finding in the Summary Proceeding that LeBlanc had received possession, as trustee, was conclusive against him, and was not subject to collateral attack by third persons. *Noble* v. *Union River Company*, 147 U. S. 165, 173–4, and cases cited.

But that decision was not entered in a suit, in its nature plenary, to try title, and was not binding upon the Beaumont Mills, even though two members of the firm testified as witnesses. It was an order in bankruptcy finding that LeBlanc, having been in possession of the property as trustee, was accountable for its value. But it did not determine what was to be done with the rice, or who owned it, or whether the Beaumont Mills had a title thereto or a lien thereon. All these matters were left open for adjudication by the Bankrupt Court when plenary suits were filed by any person having a claim to the property. Or, since the rice had been withdrawn from the custody of that court, the trustee could institute therein a suit for the rice or its proceeds. He would hold the same when recovered for the benefit of whomsoever might be determined to be entitled thereto in whole or in part.

None of these issues could be settled by LeBlanc. The fact that he was trustee and at the same time a member of the firm of Beaumont Mills, did not give him the right to use partnership assets of any sort for the purpose of satisfying the judgment rendered against himself, and by a wrongful conversion of firm money rectify what had been held to be a wrongful conversion of the bankrupt's rice. There is no claim that the $11,651 had been earmarked or had been set apart as a specific fund to represent that property, or that what LeBlanc delivered to Crawford was the same money that had been received from the sale of the rice two years before. On the contrary, Crawford in his bill insists that the Beaumont Mills "still have the rice or its proceeds," and the answer of the Beaumont Mills avers that the money was checked out by LeBlanc from the firm's bank account and deposited with Crawford.

That being so, LeBlanc was not authorized to draw out this partnership money and hand the same over to Crawford, trustee, even though the latter may have had a

claim against that firm for an equal amount. When Le-
Blanc threatened to misapply their assets whether $11,651
in money or corn or anything else of equal value, the other
partners were entitled to apply for equitable relief, and
the state court had jurisdiction to restrain him from using
money of the Beaumont Mills to satisfy his personal
obligation. As an incident of that jurisdiction the state
court could determine the liability of Crawford, trustee,
who received such money of the firm with notice that it
had been taken in violation of that injunction. *In re
Kanter*, 121 Fed. Rep. 984. *In re Spitzer*, 130 Fed. Rep.
879. *In re Mertens*, 147 Fed. Rep. 182. Cf. Act of Au-
gust 13, 1888 (25 Stat. 433, 436, c. 866). For his repre-
sentative capacity did not exempt him from liability for
wrongfully receiving or retaining these funds paid over
in disobedience of an injunction,—since money thus tor-
tiously paid and held did not thereby become a part of
the *res* within the exclusive control of the Bankrupt Court.

The fact that the jurisdiction of the two courts is
limited, as a result of the Bankrupt Act, makes it impos-
sible for either, without the consent of both parties, to
determine the whole controversy in one suit. The state
court has the right to try the question as to whether
Crawford and the bank received the money with notice
that it was partnership assets, and if so, to enter judgment
in favor of the Beaumont Mills. But it could not deter-
mine who was in possession of the rice on July 16, 1906,
or who was entitled to the property or its proceeds. That
matter had been drawn within the jurisdiction of the
Bankrupt Court by the order of December 17, 1907, and
that decision was not subject to review by the state court.
The decree must, therefore, be reversed in so far as it
enjoins the Beaumont Mills from suing Crawford, trustee,
for partnership assets paid into his hands in violation of
the state injunction;—but without prejudice to the right
of Crawford, trustee, to proceed in the District Court of

the United States against the Beaumont Mills for the recovery of the rice, its proceeds, or its value, and without prejudice to the right of the Beaumont Mills, in such suit, to make any defense or to assert any claim, lien or title to the property by reason of contracts and transactions with Moore & Bridgeman, Moore or others before the petition in bankruptcy was filed.

> *The decree is reversed and remanded for further proceedings in conformity with this opinion.*