## In re JOHN MINNEC ASS'N.
### MINNEC et al. v. BUELL.

(Circuit Court of Appeals, Seventh Circuit. June 17, 1924. Petition for Rehearing Overruled September 4, 1924.)

No. 3344.

**Bankruptcy ⊂⇒288(1) — Title to property in possession of trustee may be determined in summary proceeding.**

When real estate is in possession of bankrupt when the bankruptcy proceedings are instituted, it passes to the trustee, and the court of bankruptcy has exclusive jurisdiction to try and determine all questions of title and liens thereon, and this determination may be in a summary proceeding.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the Matter of the John Minnec Association, bankrupt, Edwin D. Buell, trustee. John Minnec and Louis Rivkin appeal from a decree of the District Court. Affirmed.

Leslie A. Gilmore, of Chicago, Ill., for appellants.

Clarence J. Silber, of Chicago, Ill., for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and LUSE, District Judge.

PER CURIAM. The decree here attacked determined in a summary proceeding the issues of title to and possession of certain real estate. Ordinarily questions of title to such property disputed by an adverse claimant must be determined in a plenary suit. Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; Galbraith v. Vallely, 256 U. S. 46, 41 Sup. Ct. 415, 65 L. Ed. 823. But, if the property be in the possession of the bankrupt when bankruptcy proceedings are instituted, it passes to the trustee and the court of bankruptcy has exclusive jurisdiction to try and determine all controversies respecting title thereto or lien thereon. Hebert v. Crawford, 228 U. S. 204, 33 Sup. Ct. 484, 57 L. Ed. 800; Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969. And this determination may be in a summary proceeding.

The referee found, and his report was confirmed by the District Court, that pos-

session was in the bankrupt. The evidence upon which this finding was predicated is not before us, and it must be accepted as final and conclusive. The fact that appellants allowed the estate to be fully administered and the assets distributed before attempting to revise this decree furnishes an added reason for denying any relief.

It is unnecessary to consider the further objection that appellants' remedy, if any they had, was by petition to review and revise, and not by appeal.

The decree is affirmed, with costs.