<hr/>

## HEISE, Sheriff, et al. v. McMULLEN.

(Circuit Court of Appeals, Fourth Circuit. June 15, 1925.)

No. 2340.

1. **Bankruptcy ⬅446—Findings of fact not reviewable by petition to superintend and revise.**

In bankruptcy proceedings, findings of fact of District Court, having support in evidence, are not reviewable by petition to superintend and revise.

2. **Bankruptcy ⬅288(1) — Bankruptcy court has jurisdiction to declare invalid lien claim under execution without plenary suit.**

Where sheriff levied execution within four months of filing of petition in bankruptcy, but never took possession or protested exercise of possession by trustee and his agent, bankruptcy court had jurisdiction to declare invalid lien claim of sheriff and judgment creditor as without color of right, without delay of useless plenary suit.

3. **Bankruptcy ⬅20(1)—Possession of property by trustee at time of petition held to impose duty on District Court of taking jurisdiction and control of property.**

Where receiver and trustee was in possession of property at time petition of trustee was filed, District Court had duty to take jurisdiction and control of property as against claim of sheriff under an attachment of property of which he did not take actual possession.

On Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Eastern District of South Carolina, at Charleston, in Bankruptcy; Ernest F. Cochran, Judge.

On petition of T. A. Heise, Sheriff, and another against J. R. McMullen, trustee in bankruptcy of the estate of the Adluh Milling Company, bankrupt, to superintend and revise on matter of law, an order setting aside levy of execution by the sheriff and declaring invalid a lien claimed by the Smith Bros. Grain Company against property of the bankrupt. Petition dismissed.

W. M. Graydon, of Columbia, S. C. (Graydon & Graydon, of Columbia, S. C., on the brief), for petitioners.

W. G. Belser, of Columbia, S. C. (Elliott & McLain and Melton & Belser, all of Columbia, S. C., on the brief), for respondent.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. A judgment was entered on May 28, 1924, in the circuit court of Richland county, S. C., in favor of Smith Bros. Grain Company against Adluh Milling Company. On June 10, 1924, the sheriff levied on a lot of sacks, chicken feed, and flour, and on the machinery in the mill. He did not take actual physical possession, to the exclusion of the debtor, but went into the mill, entered the levy on the execution, and took from Swygert, president and treasurer, a written acknowledgment of the levy. The operation of the mill by the corporation was not disturbed. The evidence was conclusive that the milling company was insolvent when the judgment was entered and the levy made by the sheriff.

On June 21, 1924, a petition in bankruptcy was filed against the corporation, and while the petition was pending J. R. McMullen was appointed receiver. On July 5, 1924, the corporation was adjudged bankrupt, and on July 19 McMullen was appointed trustee. After his appointment as receiver and trustee, McMullen asserted possession of all the property of the bankrupt, including that levied on by the sheriff. In appropriate proceedings the District Court held that the lien of the judgment as levied was acquired within four months of bankruptcy, when the corporation was insolvent; that the sheriff had never been in actual possession of the property levied on; that the receiver and trustee did take exclusive adverse possession immediately after his appointment as receiver, and held such possession as trustee at the time of the hearing. Upon these findings of fact the District Court, confirming the report of the referee, held as a conclusion of law that the bankruptcy court had jurisdiction, and that a plenary suit was not necessary, and ordered that the levy of the sheriff be set aside.

The evidence tended strongly to prove that the sheriff never took over the actual possession and custody of the property. The proof was equally strong that on July 1, 1924, a few days after his appointment as receiver, McMullen went to the mill, took possession of the property, and placed it in the possession of Swygert as his agent; that Swygert afterward operated and managed the property for the receiver and trustee, and accounted to him; and that when the mill ceased operation McMullen took and held the key to the mill. To all of this the evidence does not disclose that the sheriff made any objection.

[1] The findings of facts of the District Court, having support in the evidence, are not reviewable here by petition to superintend and revise.

[2, 3] There is nothing in the record to suggest a reason for holding the lien of the judgment and levy valid, both having been obtained after insolvency and within four months of the bankruptcy. Even if the sheriff had taken and held possession of the property under the levy, his claim to hold it against the trustee would have no semblance of right. The record affords no basis for even a color of right in the claim set up by the judgment creditor and the sheriff. The jurisdiction of the bankruptcy court to dispose of the matter without the useless delay of a plenary suit might well be placed on this ground. Taubel, etc., Co. v. Fox, 264 U. S. 426, 433, 44 S. Ct. 396, 68 L. Ed. 770.

Waiving that, however, the finding of the District Court, well supported by the evidence, that the receiver and trustee was in possession of the property at the time the petition of the trustee was filed, carries with it the duty of the District Court to take jurisdiction and control of the property. Herbert v. Crawford, Trustee, 228 U. S. 204, 33 S. Ct. 484, 57 L. Ed. 800; Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327; Taubel, etc., Co. v. Fox, 264 U. S. 426, 432, 433, 44 S. Ct. 396, 68 L. Ed. 770.

Petition dismissed.