## In re WEST VIRGINIA PRINTING CO.

### WOOD et al. v. THOMPSON et al.

District Court, W. Va. N. D.

Feb. 5, 1935.

Austin V. Wood, of Wheeling, W. Va., for plaintiffs.

Schmidt, Hugus & Laas, McCamic & Clark, Fred H. Brinkman, and Charles Prince, all of Wheeling, W. Va., for defendants.

BAKER, District Judge.

The record in the instant proceeding indicates that upon the 4th day of December, 1934, the News Publishing Company, a corporation, P. R. Callahan Insurance Agency, Inc., a corporation, and Half Dollar Trust & Savings Company, a corporation, as creditors, having claims in excess of $1,000, filed their involuntary petition in bankruptcy against the West Virginia Printing Company, a corporation; that said petition alleged, while insolvent, the said West Virginia Printing Company did commit an act of bankruptcy in making application to the circuit court of Ohio county, W. Va., for the appointment of a receiver of all its properties; that said petition further alleged that on the 10th day of December, 1934, such a receiver was appointed; that said West Virginia Printing Company, through its president, Malcolm T. Brice, filed its answer to said petition on the said 4th day of December, 1934, wherein the West Virginia Printing Company admitted it is now insolvent and was insolvent on the ——— day of September, 1934, as set forth in the aforementioned involuntary petition; that said answer further admitted that the West Virginia Printing Company did the act of bankruptcy described in said involuntary petition and that said company joined in the prayer of said petition and prayed that it may be forthwith adjudicated a bankrupt; that upon said 4th day of December, 1934, an order was entered by this court adjudicating said West Virginia Printing Company a bankrupt, and referring said matter to Charles P. Mead, one of the referees in bankruptcy of said court; that upon the 14th day of December, 1934, Thomas J. Thompson et al. filed their petition as creditors of said West Virginia Printing Company, asking that said corporation be reorganized pursuant to section 77B of the Bankruptcy Act (11 USCA § 207); that service of a copy of said petition was served upon the West Virginia Printing Company and said company was given ten days from the date of the said service within which to answer the same; that no answer was filed by West Virginia Printing Company to said petition within said ten-day period; that upon the 11th day of

January, 1935, temporary trustees were appointed for the debtor company and that upon the 4th day of February, 1935, after notices to all interested parties, the appointment of said ·temporary trustees was made permanent; that at said hearing, held upon the 4th day of ·February, 1935, the question of the solvency of said West Virginia Printing Company, debtor, arose; that in accordance with the terms and provisions of section 77B of the Bankruptcy Act (11 USCA § 207), the court set said matter for hearing in the nature of a summary proceeding upon the 5th day· of February, 1935;

That after considering statements of counsel on behalf of the debtor corporation, as well as statements of counsel on behalf of certain creditors, and after further considering the record of the prior proceedings in this matter, the court finds that under section 1, subsection 15, of the Bankruptcy Act (11 USCA § 1(15), "a person shall be deemed insolvent within the provisions of this Act [title] whenever the aggregate of his property * * *, shall not, at a fair valuation, be sufficient in amount to pay his debts."

█ Adjudication in bankruptcy is conclusively binding upon all parties as to the status of the debtor as a bankrupt. Gratiot County State Bank v. Johnson, 249 U. S. 246, 39 S. Ct. 263, 63 L. Ed. 587; Lazarus v. Eagen (D. C.) 206 F. 518; Cook v. Robinson (C. C. A.) 194 F. 753.

█ So far as it declares the status of the debtor, even strangers to the decree may not attack it collaterally, and undoubtedly actual parties participating in the procurement of an adjudication in bankruptcy will not later be heard to state that the bankrupt is solvent. New Lamp Chimney Co. v. Ansonia, etc., Co., 91 U. S. 656, 23 L. Ed. 336; Hebert v. Crawford, 228 U. S. 204, 33 S. Ct. 484, 57 L. Ed. 800; Manson v. Williams, 213 U. S. 453, 29 S. Ct. 519, 53 L. Ed. 869.

The court also calls attention to those cases in regard to which all counsel are undoubtedly familiar, which hold that a party may not avail himself of relief in regard to a mistake of law as contrasted to mistake of fact.

█ The court being of opinion that the West Virginia Printing Company, debtor, is insolvent as the term insolvency is used in section 77B of the Bankruptcy Act, and that said corporation is not only unable to meet its debts as they mature, but is actually insolvent, the motion of Charles McCamic, asking that said company be determined to be insolvent, may be sustained, and an order in conformity with the court's opinion and statement herein may be entered. .