In the Matter of NAVIERA AZTA, S.A., and Caribbean Trading & Marine Co., Bankrupts.

JAN C. UITERWYK CO., INC., Appellant,

v.

Joseph H. BROCK, Trustee, Appellee.

No. 74-1773

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 5, 1974.

John L. Britton, Miami, Fla., for appellant.

* Rule 18, 5 Cir., Isbell Enterprises Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

John H. Gunn, C. Peter Buhler, Miami, Fla., for trustee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant Jan C. Uiterwyk Co., Inc., was directed by the referee in bankruptcy to show cause why it should not turn over accounts receivable and a cash fund allegedly in its possession as general agent for the bankrupt, Naviera Azta, S.A. Uiterwyk filed a petition to quash the order in which it objected to the summary jurisdiction of the court. After a hearing the referee upheld summary jurisdiction, and the district judge affirmed that ruling and denied Uiterwyk's petition for review. We affirm.

■ Generally speaking, the bankruptcy court, either in the person of the referee or the district judge, may adjudicate summarily all rights and claims pertaining to property in the actual or constructive possession of the court. Hebert v. Crawford, 1913, 228 U.S. 204, 33 S.Ct. 484, 57 L.Ed. 800; Atlanta Flooring & Insulation Co. v. Russell, 5 Cir. 1945, 146 F.2d 884, cert. denied, 325 U.S. 862, 65 S.Ct. 1202, 89 L.Ed. 1983; Autin v. Piske, 5 Cir. 1928, 24 F.2d 626, cert. denied, 277 U.S. 601, 48 S.Ct. 562, 72 L.Ed. 1009. If there is a controversy involving property in the actual or constructive possession of a third person asserting a bona fide adverse claim, however, the bankruptcy court may not assert summary jurisdiction without the consent of the third person. A plenary suit must be brought in the court of appropriate jurisdiction. Harrison v. Chamberlin, 1926, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; In re Brokol Manufacturing Co., 3 Cir. 1955, 221 F.2d 640. *See generally* 1 Collier Bankruptcy Manual, ¶ 23.02 [2] (2d ed. 1973). Upon filing of the petition in bankruptcy, all the property of the alleged bankrupt passes at once into the custody of the court of bankruptcy and becomes subject to its summary jurisdiction. Thompson v. Magnolia Petroleum Co., 1940, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; Zamore v. Goldblatt, 2 Cir. 1952, 194 F.2d 933, cert. denied, 343 U.S. 979, 72 S.Ct. 1077, 96 L.Ed. 1370; Kapelus v. Joint Venture, 9 Cir. 1967, 377 F.2d 815. Similarly, property in the hands of the bankrupt's agent passes into the constructive possession of the bankruptcy court and is subject to summary jurisdiction. May v. Henderson, 1925, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870; Kyle v. Stewart, 5 Cir. 1966, 360 F.2d 753; 1 Collier Bankruptcy Manual, ¶ 23.03 (2d ed. 1973).

■ The property sought here consists of accounts receivable and the proceeds of collection of such accounts arising from carriage of goods performed by the bankrupt. Uiterwyk holds this property by virtue of its duties as a general agent for the bankrupt, which included keeping of the books regarding these accounts receivable and receiving payments. The fact that Uiterwyk was given the power to deduct from these accounts sums due itself for performance of its agent's duties does not change the fact that it had possession of the accounts and collections solely as agent for the bankrupt. Since it possessed the property in its role as agent, holding for the benefit of the bankrupt, its possession constructively passed to the bankruptcy court upon the filing of the petition in bankruptcy. The question of Uiterwyk's claim against the bankrupt for services rendered is a wholly separate matter. It may presumably be settled along with other claims in the bankruptcy proceeding itself. We hold only that the accounts in Uiterwyk's possession in its role as general agent for the bankrupt are constructively in the possession of the bankruptcy court. Therefore the referee was correct in holding that summary jurisdiction was appropriate.

Affirmed.