In re STARK.

(District Court, E. D. New York.    March 2, 1907.)

1. BANKRUPTCY—EXAMINATION OF BANKRUPT—REFEREES—JURISDICTION—EMPLOYMENT OF STENOGRAPHER—STATUTES—APPLICATION.

Bankr. Act July 1, 1898, § 38, subd. 5, c. 541, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3435], authorizing referees in bankruptcy, on the application of the trustee during the examination of the bankrupt or other proceedings, to employ stenographers at the expense of the estate at a compensation not to exceed 10 cents per folio for reporting and transcribing the proceedings, does not apply to hearings on the examination of the bankrupt before a special commissioner.

2. SAME—DEFENSE—EXAMINATION—APPROVAL OF BILL.

Where the testimony of an alleged bankrupt was taken before a special commissioner, at the request of a receiver, by a public law stenographer, who charged 20 cents a folio for the testimony, the bill could only be allowed and paid out of the bankrupt's estate after its approval by the receiver and proof that all the examination was necessary and resulted in benefit to the estate.

Samuel Sperling, for petitioning creditor.
Charles Pechner, for bankrupt.

CHATFIELD, District Judge.    Application has been made for the approval of a stenographer's bill for testimony taken upon an examination of the bankrupt before a special commissioner, at the request of the receiver.    The stenographer is a public law stenographer, who has charged 20 cents per folio for the testimony, and the question is raised whether this rate can be paid out of the bankrupt estate, or whether all testimony in bankruptcy proceedings, whether before a referee or special commissioner, is to be limited to 10 cents per folio.

The authority for the latter proposition arises from the provisions of section 38, subd. 5, of the bankruptcy law of July 1, 1898, c. 541, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3435], which is as follows:

"Sec. 38. Jurisdiction of Referees—Referees respectively are hereby invested, subject always to a review by the judge, within the limits of their districts as established from time to time, with jurisdiction to * * *.

"(5) Upon the application of the trustee during the examination of the bankrupts, or other proceedings, authorize the employment of stenographers at the expense of the estates at a compensation not to exceed ten cents per folio for reporting and transcribing the proceedings."

It does not seem to the court that the provisions of section 38, subd. 5, apply to hearings before a special commissioner.    The meaning of this section would seem to be that a referee in bankruptcy may make use of the services of a stenographer when the trustee considers that the testimony should be taken, and that in such case the rate is fixed, but this rate has nothing to do with the employment of a stenographer on isolated and unusual occasions, where, at the request of the creditors or of the receiver, a special hearing is had before a special commissioner.

The bankruptcy law gives the court power to appoint special masters or commissioners to hold hearings in certain special cases enumerated in section 21a.    If the hearing is not a statutory hearing before a referee in bankruptcy, the provisions of section 38, as to the

employment of a stenographer by the referee in bankruptcy, would not apply. It is not within the contemplation of the law, upon a motion to discover assets and to consider special questions, that an exhaustive examination of all the issues of the bankruptcy be covered before the appointment of a trustee. Many questions should be left for hearings before the referee, and such examination should not be prolonged at the expense of the estate. The receiver or creditor applying for the examination will be compelled to approve of the stenographer's bill, and to certify that all of the examination was necessary. The bills can then be passed upon in settling the receiver's accounts, and close scrutiny should be given, with a view to preventing the unnecessary prolongation of such examination.

The court will not pass upon the amount of this bill until the receiver applies for leave to pay the same, but the rate per folio should be a matter for consideration by the receiver before the hearing begins, if he wishes to use a stenographer. If no assets should be discovered and no advantage gained, the receiver will be held responsible for any needless expense.