ROSENBERG v. SEMPLE.

In re GOTTLEIB & CO.

(Circuit Court of Appeals, Third Circuit. April 5, 1919.)

No. 2439.

1. BANKRUPTCY ⬡⬡160—INSOLVENCY—PROOF.

Insolvency, within the definition of Bankruptcy Act July 1, 1898, § 1 (Comp. St. § 9585), may, and in many cases must, be proved by proof of other facts, from which the ultimate fact of insolvency may be presumed or inferred.

2. BANKRUPTCY ⬡⬡160—TRANSFER OF ACCOUNTS—INSOLVENCY—SUFFICIENCY OF EVIDENCE.

Evidence *held* to warrant a finding that bankrupt was insolvent at time of transfer of his accounts.

3. BANKRUPTCY ⬡⬡467—APPEAL—FINDINGS BY REFEREE AND COURT—REVIEW.

Nothing less than a demonstration of plain mistake warrants overturning of finding by referee, concurred in by court on review, of insolvency of bankrupt at time of transfer of his accounts, made on evidence taken in presence of referee, and in some particulars vague, indefinite, uncertain, and conflicting, and involving questions of credibility.

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

In the matter of the bankruptcy of Gottleib & Co. The order of the referee in proceedings by Edwin R. Semple, trustee, adjudging void transfer of bankrupt's accounts to Adolph M. Rosenberg, was affirmed on review by the District Court (245 Fed. 139), and Rosenberg appeals. Affirmed.

Edwin G. Adams, of Newark, N. J., for appellant.

Samuel I. Kessler, of Newark, N. J., for appellee.

Before WOOLLEY, Circuit Judge, and HAIGHT and MORRIS, District Judges.

MORRIS, District Judge. Gottleib & Co., a corporation, transferred certain of its book accounts on December 7, 1915, to one Rosenberg, a creditor. An involuntary petition in bankruptcy, resulting in adjudication, was filed against it on February 2, 1916. Upon proceedings prosecuted by the trustee the referee in bankruptcy found that the transfer to Rosenberg was void under section 60b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562 [Comp. St. § 9644]). The order of the referee thereon was upon review affirmed by the District Court. 245 Fed. 139. From the order of affirmance, Rosenberg appeals.

The assignments of error allege that the evidence does not establish insolvency of the bankrupt at the time of the transfer. There is no assignment alleging error in the admission or rejection of evidence.

The company issued its capital stock to the amount of $15,000 to three persons; each receiving stock of the par value of $5,000. While it does not expressly appear what amount two of these stock-

holders paid for their stock, it does appear that one of them paid only $500 therefor. The company began business with its capital thus impaired, and so continued until May, 1915, when an involuntary petition in bankruptcy (not the present one) was filed against it. In July, 1915, before adjudication, a composition was effected with its creditors by giving notes, payable in equal installments at the end of 6, 12, 18, and 24 months, for the full amount of their respective claims, and paying the fees and expenses of the bankruptcy proceeding, amounting to about $4,000. Business was thereupon resumed, but all merchandise had to be obtained through Rosenberg, or on his credit. No one else would extend credit to the company. The company made no profit.

The first installment of the composition notes fell due on December 1, 1915, and only about one-half of the amount due thereon could be paid. An accountant testified that on December 1, 1915, the assets of the company amounted to $38,635.93, and its liabilities to $53,679.34; that the statement showing this result was made up from the books of the company, with the exception of the items of physical assets and the value thereof; that these were taken from the inventory and appraisement filed in the bankruptcy proceeding, and worked back to December 1, 1915. The president of the company testified that of the physical assets the machinery and merchandise were, on December 1, 1915, substantially the same in quantity and value as shown by the inventory and appraisement; that the value of the remaining item of physical assets, namely, real estate, was several thousand dollars less than shown by the appraisement; that the liabilities were increased very little, if any, after December 1; that there was no material change either in the assets or liabilities, between December 1 and 7, 1915; and that the market value of the machinery on December 1 was much lower than when it was purchased. The report of the trustee admitted in evidence showed that only $20,900 was realized from a sale of all of the assets of the bankrupt. The claims filed against the bankrupt estate amounted to approximately $59,000.

[1] The Bankruptcy Act provides that a person shall be deemed insolvent—

"whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts." Comp. St. § 9585.

But direct and detailed evidence of the facts constituting insolvency is not essential. Owing to its nature, insolvency is not always susceptible of direct proof. It may, and in many cases must, be proved by the proof of other facts, from which the ultimate fact of insolvency may be presumed or inferred. Ridge Ave. Bank v. Studheim (C. C. A. 3d) 145 Fed. 798, 76 C. C. A. 362; Cleage v. Laidley, 149 Fed. 346, 79 C. C. A. 284; Fowler v. Crouse, 175 Fed. 646, 648, 99 C. C. A. 200; Healy v. Wehrung, 229 Fed. 686, 144 C. C. A. 96; Grandison v. Robertson, 231 Fed. 785, 145 C. C. A. 605; Grandison v. National Bank of Commerce, 231 Fed. 800, 806, 145 C. C. A. 620.

[2, 3] Notwithstanding the contrary has been urged with much

cogency by the attorney for the appellant, we think the evidence in this case, as in those just cited, warrants a finding that the bankrupt was insolvent at the time of the transfer of the accounts to Rosenberg. Moreover the evidence was in some particulars vague, indefinite, uncertain, and conflicting, and involved questions of credibility. It was taken in the presence of the referee, who expressly found that the bankrupt was insolvent at the time of the transfer. The District Court likewise so found. It is well settled that:

"Under such circumstances this court is not warranted in overturning the conclusions of two courts upon anything less than a demonstration of plain mistake." Ohio Valley Bank Co. v. Mack, 163 Fed. 155, 89 C. C. A. 605, 24 L. R. A. (N. S.) 184; Deupree v. Watson, 216 Fed. 483, 132 C. C. A. 543.

Such a mistake has not been demonstrated.
The order of the District Court is affirmed.