In re PARAMOUNT FIREPROOF DOOR CO., Inc.

No. 18663.

District Court, E. D. New York.

Oct. 6, 1930.

Henry W. Sykes, of New York City, for trustee in bankruptcy.

Adolph Axelrad, of New York City, for petitioner.

GALSTON, District Judge.

This matter comes before the court on a petition to review an order made by the learned referee in bankruptcy, restraining the petitioner, Kasamira Jacketo, from collecting a certain claim or debt owed to the bankrupt by the John W. Cowper Company of Buffalo, N. Y., which had been assigned by the bankrupt to the petitioner.

On an order to show cause procured on the application of the trustee, the matter was brought on before the referee. The affidavit in opposition to the order to show cause filed by the petitioner alleges that at the time the voluntary petition in bankruptcy was filed she was in sole possession and ownership of the debt due the bankrupt from the John W. Cowper Company; that she became the owner of the assignment in good faith and for a valuable consideration. She then denies the jurisdiction of the court for the making of any decree affecting the title to her assignment, except by a plenary suit. Nevertheless, the referee took testimony adduced by the trustee, and thereafter made the order now under review.

■ Essentially the question is whether the referee had the power to exercise jurisdiction to determine summarily the rights of the petitioner? If but a colorable claim was made, it appears reasonably clear that such power is vested in the referee, In re Norris (D. C.) 177 F. 598; In re Rathman (C. C. A.) 183 F. 913; Mueller v. Nugent, 184 U. S. 17, 22 S. Ct. 269, 46 L. Ed. 405, but it is one thing to concede that, and another to determine that the petitioner's claim is colorable within the meaning of the term used by the authorities.

In re Blum (C. C. A.) 202 F. 883, 884, it is said:

"The term 'colorable' seems to have crept into the bankruptcy decisions without authority of statute, unless it be construed to mean merely that if a respondent sets up as facts, and not as conclusions of law, matters which, if true, would constitute a statement of an adverse claim, then the claim would be adverse and not colorable, and not within the jurisdiction of the referee. It can hardly have been the purpose of Congress to deprive a litigant of the benefit of a plenary hearing in cases involving the determination of contested questions of fact. Undoubtedly, one holding property of the bankrupt as an agent or bailee may be required summarily to turn it over to the trustee, and, in a proper case, to a receiver; but we are of the opinion that, whenever the facts alleged on their face disclose possession and a legal right in the party claiming title, the referee has no jurisdiction in a summary proceeding to require the property to be turned over without the consent of the respondent. * * *

"We are advised of no Supreme Court decision which recognizes jurisdiction of the District Court to deal summarily with the rights of one in possession and claiming title to property, as here, even though there be grave suspicions as to the bona fides of the claim."

■ Now in the present case the referee found that, less than ten days prior to the adjudication in bankruptcy, the bankrupt had assigned its claim against the Cowper Company to the petitioner, as security for a certain promissory note in the amount of $500 made March 14, 1928. The note was not the note of the bankrupt but of officers of the bankrupt. The original assignment of the claim was thereafter filed with the Cowper Company, but not in the county clerk's office of the county of Putnam, N. Y., as required by section 15 of the New York Lien Law (Consol. Laws, c. 33).

From the evidence, the referee concluded that the note was not a debt of the bankrupt; that the assignment of the claim to the petitioner was without consideration; that the assignment was made not more than ten days before the adjudication; that the petitioner knew before she received the assignment that the bankrupt had not been able to pay its employees their full wages; and that, therefore, the assignment was void, of no effect against the trustees or the creditors of the bankrupt, and that the claim of the petitioner under her assignment was merely colorable.

It seems to me that the decision in the Blum case, cited above, would not classify the petitioner's claim as colorable. On the contrary she sets up an adverse claim. It may not be a sound claim, but in her affidavit, denying the jurisdiction of the court, she avers that the claim was assigned to her in good faith and for a valuable consideration. She holds property ostensibly not as bailee or agent of the bankrupt, but adversely to

the bankrupt. She should certainly have an opportunity to prove those facts and not be forced in a summary proceeding to have her rights determined.

Now it may be that the petitioner's assignment is worthless. It is entirely possible that, when the facts are fully known, the assignment should have been recorded in the county clerk's office in Putnam county; likewise it is entirely possible that the petitioner received the assignment knowing full well at the time that the bankrupt was insolvent, and that the assignment was made with the intention of preferring her. However, the facts in respect to these matters she is entitled to have adjudged in a direct suit.

The order of the referee herein may be vacated. Settle order on notice.