## In re I. GREENBAUM & SONS CO., Inc.

District Court, S. D. New York.
Nov. 14, 1933.

246

Abraham I. Menin, of New York City (Arthur S. Simon, of New York City, of counsel), for trustee.

Blau, Perlman & Polakoff, of New York City (Nathan D. Perlman and Cyrus Levinthal, both of New York City, of counsel), for respondents.

PATTERSON, District Judge.

In a summary proceeding the trustee in bankruptcy of I. Greenbaum & Sons, Inc., asks that an assignee of accounts receivable who took them as collateral security for a loan be required to account for them and to reassign the uncollected ones to the trustee. The validity of the assignment is not questioned. It is insisted, however, that the accounts remained in the "possession" of the bankrupt, with the result that they now are property in custodia legis, and therefore the subject of a summary proceeding. The referee who heard the matter dismissed the petition for lack of jurisdiction.

Some weeks before bankruptcy, the bankrupt borrowed $6,000 from the respondent, assigning accounts receivable to him as collateral security. The ledger sheets and sales memoranda in connection with the accounts were at the same time assigned and deposited with the assignee. It was agreed that the bankrupt as agent of the assignee would attend to collections and would deposit all sums collected in a special bank account from which withdrawals might be made only on the assignee's consent. The assignee might terminate the agency at any time and make collections himself. No notice of the assignment was given to the debtors prior to the filing of the petition in bankruptcy.

The question upon these facts is whether the bankruptcy court has jurisdiction to adjudicate the rights of the parties in a summary proceeding. This raises the point as to who was in possession of the accounts when the petition in bankruptcy was filed; if the bankrupt, then the possession passed to the trustee, and the rights of the parties in the accounts are determinable by this court in a summary proceeding of the sort brought here; if the assignee, then jurisdiction to entertain the case on summary proceeding is wanting. Hebert v. Crawford, 228 U. S. 204, 33 S. Ct. 484, 57 L. Ed. 800; Board of Trade of City of Chicago v. Johnson, 264 U. S. 1, 44 S. Ct. 232, 68 L. Ed. 533. In no event can the bankruptcy court summarily exercise jurisdiction as to the debtors in the accounts, except on their consent. In re Roman (C. C. A.) 23 F.(2d) 556.

The difficulty of discussing possession in connection with choses in action has been commented on in several cases. See In re Kelley (D. C.) 297 F. 676; In re Roman, supra; In re Borok (C. C. A.) 50 F.(2d) 75. We may lay to one side instances where the chose in action is represented by a note, bond, policy of insurance, or the like. In these cases there is no difficulty in concluding that possession of the intangible right against the obligor is inseparable from possession of the document that evidences the right. In re Detroit Waterproof Fabric Co. (D. C.) 295 F. 338; In re Republic Plumbing Supply Corporation (D. C.) 295 F. 573; In re Hudson River Navigation Corporation (C. C. A.) 57 F.(2d) 175.

As to bank accounts, it has been held that possession of the chose in action against the bank goes with the customer in whose name the account stands on the bank's books, despite the fact that others have legal or equitable claims to the "money." In re Ransford (C. C. A.) 194 F. 658; In re Zimmermann (C. C. A.) 66 F.(2d) 397. The possession of a stock exchange seat, so far as the jurisdiction of bankruptcy courts is concerned, is held to follow the person recognized by the exchange as the member, irrespective of assignments or claims in favor of others. Board of Trade of City of Chicago v. Johnson, supra; O'Dell v. Boyden (C. C. A.) 150 F. 731, 10 Ann. Cas. 239; In re Hoey (C. C. A.) 290 F. 116.

In the case of book accounts and similar claims covered by an assignment as collateral security for a debt, a common practice is for the assignor to keep the books and papers representing the accounts and to attend to collections; no notification of the assignment being given to the debtors. The part played by the assignee prior to troubles of the assignor is a passive one. Under such conditions, possession of the accounts in the sense of dominion and control remains with the assignor, and upon his bankruptcy the summary jurisdiction of the bankruptcy court may be invoked to decide the rights of the trustee in bankruptcy and the assignee. In re Gottlieb & Co. (D. C.) 245 F. 139, affirmed in (C. C. A.) 257 F. 72; In re Borok, supra. See, also, In re Wegman Piano Co. (D. C.) 228 F. 60, 65; Street v. Pacific Indemnity Co. (C. C. A.) 61 F.(2d) 106. I cannot see that it matters that the assignor's control of the accounts is said to be as agent for the assignee. Compare Hebert v. Crawford, supra; In re Moody (D. C.) 131 F. 525. Where, however, the assignee has notified the debtors of the assignment and has taken complete charge of collections prior to the assignor's bankruptcy, possession may be said to have passed to the assignee and summary proceedings will not lie. Copeland v. Martin (C. C. A.) 182 F. 805; In re Paramount Fireproof Door Co. (D. C.) 43 F.(2d) 558. It is the situation at the time of the filing of the petition in bankruptcy that is determinative. Activities on the part of the assignee thereafter cannot deprive the bankruptcy court of a jurisdiction that has once attached. See Whitney v. Wenman, 198 U. S. 539, 25 S. Ct. 778, 49 L. Ed. 1157; May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870.

In the case at bar, the bankrupt continued to collect the assigned accounts, and no notice of the assignment was given to debtors. These features are to some extent indicative of possession remaining with the bankrupt. On the other hand, the ledger sheets and memoranda evidencing the accounts were deposited with the assignee and were retained by him. Such deposit was as near to a delivery of the accounts themselves as the circumstances permitted, and put the assignee in actual control of the accounts. This is an element that was lacking in the Borok Case and in the Gottlieb Case, and in my opinion it differentiates the present case from them. In addition, it is to be noted that the assignor had no right to use the money collected, but had to deposit such sums to the account of the assignee. While the case is a close one,

I am of opinion that possession of the accounts was with the assignee.

It follows that the bankruptcy court has not summary jurisdiction over the assigned accounts. The decision of the referee was right, and the petition for review will be dismissed.