370

## In re LISSAK.
### No. 215.

Circuit Court of Appeals, Second Circuit.

March 18, 1940.

William J. Rudin, of Brooklyn, N. Y., for appellant.

Sidney Marks, of New York City, for claimants-appellees.

Fruitstone & Fruitstone, of New York City, for bankrupt-appellees.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This appeal calls for decision as to the summary jurisdiction of the bankruptcy court to compel a bankrupt to execute documents necessary to collect the cash surrender value, as of the time the petition in bankruptcy was filed, of a policy of insurance on his life and to turn over the policy which was claimed by his children as the equitable assignees and was in the possession of one of them.

Sam Lissak filed his voluntary petition in bankruptcy in the District Court for the Eastern District of New York and was duly adjudicated. Walter B. Milkman, the trustee in bankruptcy, demanded that the bankrupt surrender to him a policy of insurance on his life in which the bankrupt's wife was the primary beneficiary and his children were secondary beneficiaries, and also demanded that he execute all documents necessary to enable the trustee to collect the proceeds of the policy from the insurer. The bankrupt, as the insured, had reserved the right to change beneficiaries.

The cash surrender value of this policy is clearly and concededly not exempt under the provisions of Sec. 55-a of the New York Insurance Law, Consol.Laws, c. 28, since a claim in excess of the value of the policy has been proved which was due and owing on, and before, the date this law became effective. The New York statute, therefore, is no defense to the petition. In re Gordon, 2 Cir., 90 F.2d 583.

The application for the turnover order and incidental relief mentioned was met by the claim of the bankrupt and his children that the bankrupt had become financially unable to pay the premiums on the policy before the second premium fell due and that his children had paid all subsequent premiums upon the understanding that one of them, to whom the bankrupt delivered the policy when they began to pay the premiums, should hold the policy for all as security for the loans to the insured when the premiums were paid. It was testified that this child had ever since had the policy as security for the amounts so advanced in behalf of the bankrupt. Those amounts had grown to exceed the cash surrender value when the petition in bankruptcy was filed. The referee weighed such evidence in the light of all the circumstances which were revealed and decided that the claim of an equitable assignment of the policy as security for premiums ad-

vanced was too improbable to be believed. He ordered the policy turned over to the bankruptcy trustee and directed the bankrupt to execute all papers necessary to enable the trustee to collect the cash surrender value. The district court reversed the order on the ground that an adverse claim was involved that was beyond the summary jurisdiction of the bankruptcy court.

There was enough proof to show that a daughter of the bankrupt held the policy at the time of the hearing and, even though the referee did not believe the evidence offered to establish the equitable assignment under which she claimed to hold it, such an adverse claim was made out as to justify the district judge in holding that there was no summary jurisdiction provided this is a situation where the test as to summary jurisdiction is that of whether or not the claim is really adverse. But we do not think that is the test. What was here assigned, conceding the claimed equitable assignment for the moment, was only a chose in action. It was the promise of the insurer to perform certain obligations upon the fulfillment of stated conditions. The delivery of that policy to the daughter did not divest the bankrupt of all control of the chose in action represented by it. He still had the sort of "possession" which gave the bankruptcy court summary jurisdiction. In re Borok, 2 Cir., 50 F.2d 75. The claimed equitable assignment was at most a rather indefinite family arrangement under which the children, who were to some extent beneficiaries, were to hold the policy as security while keeping it alive by the payment of premiums. Certainly the bankrupt could have resumed the payment of premiums at any time and upon payment to the children of the amount of the loan would have been entitled to receive back the policy. Even the kind of assignment of which proof was attempted does not divest the bankrupt of such "possession" of this sort of intangible property that the bankruptcy court is without summary jurisdiction over adverse claims. In re Borok, supra. The bankrupt still remained the legal owner of the chose in action represented by the policy of insurance and, though it had been subjected to equitable liens, he still was to be deemed in such "possession" of it that the bankruptcy court might in a summary way determine the respective rights of the bankrupt and of adverse claimants. In re Worrall, 2 Cir., 79 F.2d 88. Consequently, the court had summary jurisdiction to order the bankrupt to execute such papers as were required by the trustee to enable him to collect the cash surrender value of the policy.

However, it has been established that the daughter actually holds the paper on which appears the contract which is the chose of action. She holds that paper under an adverse claim which is certainly more than colorable even though the referee is right on the merits as to the claimed equitable assignment. If the insurance company should of right require the surrender of the document called the policy as a condition precedent to the payment by it of the cash surrender value, it may be that a plenary suit will be necessary to obtain that from the present holder. Decision as to that may well await later developments in this matter. Meanwhile the bankrupt should be required to execute such papers in respect to the insurance as may be needed by the trustee.

Reversed and remanded.