## MILKMAN v. ÆTNA LIFE INS. CO. et al.

### No. 1488.

District Court, E. D. New York.

Jan. 7, 1941.

William J. Rudin, of Brooklyn, N. Y., for plaintiff.

George Ungar, of New York City, for defendants Nathan Lissak and others.

Fruitstone & Fruitstone, of New York City, for defendant Samuel Lissak.

Daniel Miner, of New York City, for defendant Aetna Life Ins. Co.

CAMPBELL, District Judge.

This is a plenary suit brought by the plaintiff to compel the defendants other than the defendant Aetna Life Insurance Company to turn over to the plaintiff a certain life insurance policy covering the life of the defendant Samuel Lissak and to authorize and direct the defendant Aetna Life Insurance Company to pay to plaintiff the sum of $1,544.11 the alleged cash surrender value of said life insurance policy and in the event that said cash surrender value of said insurance value of said life insurance policy is not paid to the plaintiff, that plaintiff have judgment against the said defendant insurance company for $1,544.11, the alleged cash surrender value of said policy.

A turn over proceeding was heretofore had against the defendant Samuel Lissak, the bankrupt, in which proceeding the other

defendants, except the insurance company, intervened. In that proceeding it was contended that the life insurance policy in question had been assigned to said intervening defendants as security for premiums paid by them on said policy and denying the jurisdiction of the referee. Hearing was had and the referee made an order that the life insurance policy belonged to the bankrupt's estate; that the defendant Samuel Lissak, the bankrupt, turn over and deliver the life insurance policy to the trustee; that said Samuel Lissak execute all, any and all papers, which may be necessary or proper to enable the trustee to obtain the cash surrender value of said policy and authorizing and directing the defendant life insurance company to make payment thereof to the trustee.

A petition to review was brought on for hearing before one of the Judges of this court, who ordered that the order of the referee be reversed and set aside and that the trustee be relegated to his rights in a plenary suit.

The trustee appealed to the Circuit Court of Appeals of this Circuit, which rendered an opinion, In re Lissak, 2 Cir., 110 F.2d 370, 371, Judge Chase writing for the court, in which he said "the court had summary jurisdiction to order the bankrupt to execute such papers as were required by the trustee to enable him to collect the cash surrender value of the policy."

The court further said: "However, it has been established that the daughter actually holds the paper on which appears the contract which is the chose in action. She holds that paper under an adverse claim which is certainly more than colorable even though the referee is right on the merits as to the claimed equitable assignment. If the insurance company should of right require the surrender of the document called the policy as a condition precedent to the payment by it of the cash surrender value, it may be that a plenary suit will be necessary to obtain that from the present holder."

Acting on that opinion this suit was commenced.

The question of whether an equitable assignment of the life insurance policy was made by the bankrupt to the other individual defendants is not solely a question of law, but is a mixed question of law and fact, as the facts must first be found before the law can be applied to the facts.

While on this motion I could grant the motion to strike if it presented a pure question of law. I cannot do so, where there is a substantial question of fact, and that is so even where the question of fact can be determined by drawing inferences from acts and statements not disputed, as the drawing of inferences is the function of the trier of facts, and is not the determination of a question of law. Surely there is a question of fact in this case as to the acts and conversations of the defendants other than the corporate defendant and the bankrupt at the time when they contend the assignment was made, and their actions which they contend were in accord therewith. I cannot base any finding on the facts in this case as against the individual defendants, other than the bankrupt, on the findings by the referee, on the facts as against the defendants over whom he had no jurisdiction, even though he might have been right. That distinguishes the case at bar from the case cited on behalf of the trustee. People ex rel. McCabe v. Matthies, 179 N.Y. 242, 72 N.E. 103.

The motion is denied.