**MILKMAN v. LISSAK et al.**

**No. 196.**

Circuit Court of Appeals, Second Circuit.

Feb. 26, 1942.

See also, D.C.N.Y., Milkman v. Aetna Life Ins. Co., 36 F.Supp. 116.

George Ungar, of New York City, (Frederick E. Weinberg, of New York City, of counsel), for appellants.

William J. Rudin, of Brooklyn, N. Y., for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This action is the sequel to litigation which was before this court in Re Lissak, 2 Cir., 110 F.2d 370. By a summary proceeding in the bankruptcy court the trustee in bankruptcy sought an order directing the bankrupt to deliver possession of the policy and to execute the papers necessary to enable the trustee to collect the cash surrender value thereof. The bankrupt asserted as an affirmative defense that the policy had been pledged to his four children as security for premiums advanced by them on his behalf, and he objected to summary jurisdiction. The children intervened and interposed the same answer as the bankrupt. The referee did not believe the testimony as to an equitable assignment of the policy and granted the trustee's petition, but the district court reversed the referee's order on the ground that summary jurisdiction was lacking because of the children's adverse claim. Upon appeal we sustained the referee's summary jurisdiction to order the bankrupt to execute such papers in respect to the insurance as might be needed by the trustee to collect the surrender value, but said that if surrender of the policy itself was required, a plenary suit might be necessary to obtain physical possession of it from the adverse holder. The present action was such suit. By answer and cross-complaint the children again asserted their equitable lien, to which the plaintiff replied that our prior decision was res judicata of that issue; and the record was put in evidence.

If the prior proceedings did not settle the issue of equitable lien, it would be difficult to sustain the direction of the verdict, for there was direct testimony that the policy was delivered by the bankrupt to his daughter Anna as security for premiums to be advanced by the children as loans to him; and, except possibly in extreme cases, the credibility of witnesses is for the jury to determine when the case is tried to a jury. But our prior decision did settle the issue. The theory of Judge Chase's opinion is summarized at the bottom of page 371 of 110 F.2d in the statement: "The bankrupt still remained the legal owner of the chose in action represented by the policy of insurance and, though it had been subjected to equitable liens, he still was to be deemed in such 'possession' of it that the bankruptcy court might in a summary way determine the respective rights of the bankrupt and of adverse claimants." And our direction that the bankrupt should be required to execute such papers as were needed by the trustee for collection of the surrender value of the policy could only have been made by holding that the equitable assignment claimed by the children had properly been found by the referee to be a fabrication. Since all the children were parties to the prior appeal, that finding, necessary to the decision, must be held conclusive in the present action. We cannot approve the contrary ruling in Milkman v. Aetna Life Ins. Co., D.C.E.D.N.Y., 36 F.Supp. 116. Although Judge Chase's opinion went on to say that a plenary suit would be necessary to recover possession of the paper (policy)

evidence of the trustee's chose in action, he did not thereby take back the holding of the invalidity of the claimed equitable assignment. That being established the children's possession of the policy was wrongful, and the direction of a verdict for the plaintiff below was correct.

Judgment affirmed.