### ROGERS v. RAFFE.

### No. 242.

Circuit Court of Appeals, Second Circuit.

March 29, 1944.

Parker, Chapin & Flattau, of New York City (Samuel M. Chapin and Harris B. Steinberg, both of New York City, of counsel), for appellant.

Trachman & Krosner, of New York City (Hilbert I. Trachman and Irving R. Krosner, both of New York City, of counsel), for appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

The appellant, the wife of the bankrupt, has appealed from an order of the District Court for the Eastern District of New York affirming the order of a referee directing that an insurance policy upon the life of her husband be turned over to his trustee in bankruptcy, or in the alternative that its cash surrender value be paid to him. Motions to dismiss the appeal have previously been heard and denied.

The appellant claims to be the owner of the policy under an alleged oral assignment from her husband about two and one half

years before he became a bankrupt. The policy was not included in the schedules originally filed by the bankrupt nor claimed by him to be exempt although he later made an unsuccessful attempt to obtain leave to list it by amendment and to claim it as his exempt property.

After hearing the parties in interest, the referee found that the policy had not been assigned to her as claimed by the appellant and the district court affirmed on petition for review. This appeal is from that order. The grounds for reversal relied on are (1) that there was no summary jurisdiction; (2) that the evidence was insufficient to support the order and (3) that error was committed in the admission and exclusion of evidence.

The first two grounds may be disposed of together. There was substantial evidence to support findings by the referee to the following effect: The bankrupt applied to the Equitable Life Assurance Society for a policy of insurance upon his life in the amount of $25,000 in May 1926. It was duly issued with the appellant named as the beneficiary subject to change by the insured. In November 1939, when the policy had a cash surrender value of $9,270.70 the bankrupt filed a voluntary petition in bankruptcy and was adjudicated a bankrupt. There was then no written assignment of the policy and the insurer had never received any notice of an oral assignment.

The appellant was the only witness who testified in support of her claim of ownership of the policy by oral assignment and her testimony may be summarized as follows: In April 1937 her husband told her that he could not continue to pay the premiums on the policy and that he would give it to her if she could carry it, whereupon he delivered it to her. She then saw a representative of the insurance company and arranged to surrender for its cash value another policy issued by the same insurer on the life of her husband which had been assigned to her and the assignment duly recorded by the company. This arrangement included the paying off of a loan on the policy now in controversy out of the proceeds of the surrender of the other policy and the payment of the then current premium from those proceeds. She delivered the policy to the insurer in carrying out this arrangement but when that was done it was returned to her and she kept it, until her husband was adjudi-

cated a bankrupt, in a safety deposit box in a bank. She was not sure whether or not her husband also had access to that box. She paid the premiums subsequently falling due on the policy by checks drawn on a checking account in her own name.

It appeared that for a time her husband did have joint access with her to the safety box in which the policy was kept but whether or not that was so up to the time of his adjudication was uncertain. The appellant admitted that she had been uncertain when previously testifying on the subject as to the circumstances under which the claimed assignment of the policy was made to her and the failure of her husband to testify in corroboration of her claim was explained only by her own testimony that he was at home and his mental condition was such that he "is not able to tell the truth because he doesn't understand, he can't remember, he cannot remember even twenty-four hours or an hour or two  *  *."

Obviously the appellant was an interested witness whose credibility was to be determined in the light of all the circumstances. The referee before whom she testified as to the oral assignment under which she claimed was not satisfied that the premiums she paid by checks were in fact paid out of her own funds in view of what was shown as to her financial relations with her husband. Furthermore, her unexplained failure to notify the insurer of the assignment of the policy at the time she delivered the policy to it when the loan upon it was paid off and when there was an ample opportunity to have the assignment, if one had been made, put into due form to be recorded as the assignment of the other policy to her had been recorded by the company was a circumstance which he properly thought should be considered in connection with her testimony.

The district judge likewise concluded that her evidence of the oral assignment could not be taken at face value and we cannot say that the conclusion was clearly erroneous. That being so the policy remained the property of the bankrupt since no assignment of it was proved. As the appellant's claim in these proceedings was thus shown to be merely colorable, the summary jurisdiction of the court was properly invoked and exercised. In re Lissak, 2 Cir., 110 F.2d 370; Milkman v. Lissak, 2 Cir., 126 F.2d 204; In re Meiselman, 2 Cir., 105 F.2d 995; Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599.

■ The evidence at first excluded by the referee was later treated as admitted and given due consideration in his findings. Its original exclusion became harmless error and his reference to the appellant's testimony in her previous examination under § 21(a) Bankr.Act, 11 U.S.C.A. § 44(a) was justified by her cross examination as to that in these proceedings.

Order affirmed.