**NEW YORK CREDIT MEN'S ASS'N v. MANUFACTURERS DISCOUNT COR-PORATION.**

No. 228.

Circuit Court of Appeals, Second Circuit.

March 8, 1945.

Hahn & Golin, of New York City (J. Jacob Hahn, of New York City, of counsel), for appellant.

Kupper, Silberfeld, Nathan & Danziger, of New York City (Eli S. Silberfeld, of New York City, of counsel), for appellee.

Before HUTCHESON, SIMONS, and CLARK, Circuit Judges.

SIMONS, Circuit Judge.

As the case presents itself to us the sole question for decision is whether a controversy between the trustee and the assignee of a corporation, in which the bankrupt was sole stockholder, as to possession and ownership of accounts receivable, may be determined in a summary proceeding in the bankruptcy court. The district judge, upon the facts disclosed, held that it could not be so determined, and the trustee appeals.

The bankrupt is Louis Miller trading as Louis Miller & Co. and Bridgeville Shirt Co. As a manufacturer of shirts he operated two factories in Delaware and maintained a sales office in New York City. Prior to 1940 he financed his operations by hypothecating accounts receivable with the Finance Company of America. In February of that year a change was made in his factoring arrangements by which his receivables were transferred to a Delaware corporation which, originally organized in January, 1938, as "Manufacturers Cut-Rate Store, Inc.", changed its name in February, 1940, to "Louis Miller Shirt Company". Miller's account wtih the Finance Company was then liquidated and a new agreement made between the Finance Company and the Shirt Corporation. From then on all sales were made in the name of the Shirt Corporation, were invoiced by it to customers, and the Finance Company advances on receivables were made to the Shirt Corporation. Near the end of October, 1940, the appellee succeeded the Finance Company as the factor of the Shirt Corporation. An agreement was entered into by the terms of which accounts receivable of the Shirt Company were to be assigned to the appellee on a notification basis, that is, the assignee was authorized to notify debtors of the Shirt Company of the assignment, and after the bankruptcy, did so. Upon accounts receivable the appellee advanced the Shirt Company an agreed percentage of their net face value to be repaid at an agreed rate. An account was opened for the Shirt Company in a New York bank, all checks from appellee to its order were there deposited, and credit transferred by wire to the bankrupt's account in his Wilmington, Delaware, bank.

On January 3, 1941, Miller assigned all of his assets to the New York Credit Men's Association for the benefit of his creditors, and on January 22 a petition in bankruptcy was filed, the assignee becoming trustee. Accounts receivable continued to be collected by the trustee, but according to a stipulation the proceeds were turned over to the appellee with the reservation, however, that nothing contained in the stipulation should be construed as consent or submission by the appellee to summary jurisdiction over it by the bankruptcy court. A few of the checks collected during January were not turned over until March, when the stipulation was signed. This was subsequent to the filing of the bankruptcy petition.

Substantially, the trustee's position is that the bankruptcy court had jurisdiction over the accounts receivable and collections, because they were in the bankrupt's possession when the bankruptcy petition was filed; that their transfer to the Shirt Company must be ignored because it was a mere conduit for the transfer of the accounts from the bankrupt to the appellee, the corporation being wholly owned and controlled by Miller and so his alter ego. Finally, the trustee urges that the assignment of the accounts to the appellee was illegal and void because in violation of the usury laws of the State of New York. Our immediate concern is, however, with the question of summary jurisdiction, and that turns upon whether the assigned accounts were in Miller's possession at the date of bankruptcy. If, under the facts as found, assuming, without deciding, that Miller was the Shirt Company, he was not in possession of the accounts, there was no jurisdiction, and for the purpose of determining the jurisdictional question we do not consider whether, upon the merits, the case was fully tried or rightly decided.

The facts, substantially as found by the referee and accepted by the court, disclose that the appellee, as factor, collected the Shirt Company's accounts in accordance with a written agreement between them, by the terms of which it could compromise claims and was entitled to a monthly audit. While the Shirt Company was permitted to demand payment of assigned accounts this arrangement could be terminated by the appellee at any time, of its own volition, and without rea-

son. The checks delivered in payment of the assigned accounts were required by the contract to be delivered to the factor, and all of them were. Each assignment was by an individual written instrument, accompanied by the original bill of lading, shipping receipt, and a duplicate invoice. Though ledger cards were retained by the assignor they were marked "assigned", and duplicates were in possession of the assignee. The appellee remained in full possession of the duplicate ledger cards, duplicate invoices, original bills of lading and shipping receipts, received and retained all collection checks, had the right to notify debtors of the assignment and require them to make payment direct to it, to stop goods in transit, and to make adjustments with debtors.

■ Upon the sole ground that the original ledger cards had been retained by the assignor, the referee, though at first dismissing the petition, decided upon rehearing that he had jurisdiction to try and determine the issues summarily. The court reversed. It appears clear that the appellee has a substantial claim to the accounts receivable adverse to the bankrupt. In re Meiselman, 2 Cir., 105 F.2d 995; Bank of California v. McBride, 9 Cir., 132 F.2d 769; Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897. The rule that an affiliated corporation does not, per se, give it standing to insist on a plenary suit as applied in Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 61 S.Ct. 904, 85 L.Ed. 1293, has no application. The Shirt Company dealt at arm's length with the appellee, whether as an independent corporate entity or as the instrumentality of the bankrupt. A different case would be presented if the Shirt Company were here claiming title to the accounts as against Miller's trustee. The question remains whether Miller had possession of the accounts at the time of the bankruptcy.

The trustee relies upon In re Borok, 2 Cir., 50 F.2d 75, and In re Prince, 2 Cir., 89 F.2d 681, both in this circuit. The Borok case is easily distinguished by the facts that the bankrupt there had the right not only to collect the assigned accounts, but to use the proceeds as his own, and that the assignee had no right to collect them unless the bankrupt defaulted in payments on the contract. Here the proceeds were turned over to the appellee as a matter of course, in pursuance of the agreement, and the appellee had the right to demand payment at any time and without reason. The Prince case is somewhat closer, but the borrowers there collected the accounts and the lender had nothing to do with them except to receive a list on making the advances, so that he might check up on the invoices, and keep track of collections and returns of merchandise through an accountant authorized to examine the borrowers' books. Receipts from the assigned accounts in excess of the amounts required to repay the lender, belonged to the borrowers. Although under the terms of the agreement the lender might have collected the accounts, he did not do so.

■ In determining where, in the case of intangibles, possession resides, the measure of control exercised is the deciding factor. In Schwartz v. Horowitz, 2 Cir., 131 F.2d 506, 508, it was said by Judge Learned Hand: "when an assignee of * * * the * * * chose in action has agreed not to give notice to the obligors and to allow the assignor to collect, the trustee may proceed summarily in bankruptcy as a 'possessor' of the chose in action. * * * But an out and out assignment under which the assignee is permitted to give notice and to collect, puts the chose in action into the assignee's 'control', certainly after notice to the obligor * * * and at times even before notice. In re Greenbaum & Sons Co., D.C., 6 F.Supp. 245 * * *. The only sense in which the concept of 'possession' can be applied and which must govern the jurisdiction of the bankruptcy court, is the completeness of the 'control'." Measured by this test the appellee had complete control and dominion over the accounts receivable, subject only to the right of the assignor to make collections. Of this it was wisely said by the district judge, "It (the assignor) had such leave as the assignee permitted it for the convenience and profit of both to demand payment, but had no right to retain any payment". To consider retention of duplicate ledger cards by the Shirt Company as controlling on the issue of possession, is to utilize a single bit of evidence to destroy all other evidence, and to remove support from the findings of fact. The case must be aligned with the Greenbaum case rather than with Borok and Prince. The bankruptcy court was without summary jurisdiction over the assigned accounts.

If jurisdiction did not otherwise exist, the stipulation did not confer it since the appellee expressly denied consent, and the purpose of the stipulation was but to preserve the status quo. The Prince case, supra, is not contra, for the stipulation there contained no express rejection of summary jurisdiction. The checks retained by the trustee, instead of being turned over to the appellee, were in violation of an agreement which recognized the appellee's right to the accounts, and a wrongful taking by the trustee will not confer summary jurisdiction on the court. Chandler v. Perry, 5 Cir., 74 F.2d 371. We are advised that the trustee has already started a plenary suit. In view of our conclusion upon the main question in the case it would seem to be more appropriate that all minor issues be there determined.

Judgment affirmed.